IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HEDGELENDER, LLC; DANIEL STAFFORD; ) | Civil No. 1:10-cv-1054-TSE-IDD |
| FRED R. WAHLER, JR; WILLIAM ) | |
| CHAPMAN; ALEXANDER CAPITAL ) | |
| MARKETS, LLC; and ALEXANDER ) | |
| FINANCIAL, LLC ) | |
| ) | |
| Defendants. ) | |

## FINAL JUDGMENT OF PERMANENT INJUNCTION
## AGAINST DANIEL STAFFORD AND FRED R. WAHLER, JR.

Plaintiff United States of America has filed a complaint for permanent injunction in this matter against defendants Daniel Stafford and Fred R. Wahler, Jr., and others. Stafford and Wahler, without admitting or denying the allegations contained in the complaint, but in order to settle this matter without further litigation, hereby consent to the entry of this Final Judgment of Permanent Injunction without further notice.

Stafford and Wahler enter into this Final Judgment of Permanent Injunction voluntarily and with the advice of counsel. Stafford and Wahler waive any right they may have to appeal from the Final Judgment of Permanent Injunction, and waive entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure. The parties agree that entry of this injunction neither precludes the Internal Revenue Service from assessing penalties against Stafford and/or Wahler for asserted violations of the Internal Revenue Code nor precludes Stafford and/or Wahler from contesting any such penalties. Stafford and Wahler agree

1

that the Court shall retain jurisdiction over them for the purpose of implementing and enforcing this injunction.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7408.

2. Defendants Daniel Stafford and Fred R. Wahler, Jr.; representatives, agents, servants, employees, and attorneys of Stafford and/or Wahler; and those acting in concert with Stafford and/or Wahler are permanently enjoined from, directly or indirectly, by use of any means or instrumentalities:

   a. Organizing, promoting, marketing, selling, or implementing the "Flagship HedgeLoan" (also known as "Stock to Cash," "Flag HedgeLoan," or simply "HedgeLoan") or the "Capped HedgeLoan" (also known as the "Cap HedgeLoan") transactions that are the subject of the complaint herein (collectively referred to in this Order as "HedgeLoans");

   b. Organizing, promoting, marketing, selling, or implementing any program, plan or arrangement that offers a financial product that is marketed or described as a loan in which the customer transfers title of his or her securities to a lender or other entity as collateral for the so-called loan;

   c. Engaging in conduct subject to penalty under I.R.C. § 6700, including by making or furnishing, in connection with the organization or sale of a shelter, plan, or arrangement, a statement with respect to the securing of any tax benefit that he knows or has reason to know to be false or fraudulent as to any material federal tax matter; and

   d.  Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws, including by organizing, promoting, marketing, or selling any plan or arrangement that advises or assists others to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities.

3. Within 15 days of the day of entry of this Final Judgment of Permanent Injunction, defendants Daniel Stafford and Fred R. Wahler, Jr. shall provide a copy of this Order to all "Customers," i.e., all persons or entities whom Stafford, Wahler, defendant HedgeLender LLC, or a predecessor to HedgeLender LLC referred to defendants Alexander Capital Markets, LLC, Alexander Financial, LLC, or William Chapman and who subsequently engaged in a HedgeLoan.

4. Within 15 days of the day of entry of this Final Judgment of Permanent Injunction, defendants Daniel Stafford and Fred R. Wahler, Jr. shall provide a copy of this Order to all past and present principals, officers, manager, employees and independent contractors of defendant HedgeLender LLC or any of its predecessors.

5. Within 15 days of the day of entry of this Final Judgment of Permanent Injunction, defendants Daniel Stafford and Fred R. Wahler, Jr. shall provide a copy of this Order to all "Affiliates" (as described in the complaint) who referred a Customer to Stafford, Wahler, defendant HedgeLender LLC, or a predecessor to HedgeLender LLC.

6. Within 30 days of the day of entry of this Final Judgment of Permanent Injunction, defendants Daniel Stafford and Fred R. Wahler, Jr. shall each give to counsel for the United States a signed and dated declaration stating, under penalty of perjury, the name and address of

each person or entity who, in accordance with paragraphs 4 to 6 of this Order, was provided a copy of this Order.

7. Within 30 days of the day of entry of this Final Judgment of Permanent Injunction, defendants Daniel Stafford and Fred R. Wahler, Jr. shall give to counsel for the United States a list of the names, addresses, email addresses, telephone numbers, and Social Security and federal tax identification numbers of all Customers. Such list may be provided in either electronic or paper form.

8. The United States may engage in full post-judgment discovery to monitor compliance with this Final Judgment of Permanent Injunction in accordance with the Federal Rules of Civil Procedure. Defendants Daniel Stafford and Fred R. Wahler, Jr. shall comply with post-judgment discovery requests of the United States.

9. The Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Order.

SO ORDERED this 30 day of November, 2010.

_____
T.S. ELLIS, III
United States District Judge

_____
T. S. Ellis, III
United States District Judge

Agreed and submitted by:

Dated: 11/22/10 .

NEIL H. MACBRIDE
United States Attorney

By: _____
ELLEN K. WEIS
Trial Attorney, Tax Division
U.S. Department of Justice
VSB: 77454
P.O. Box 7238
Washington, DC 20044
Telephone: (202) 616-9010
Facsimile: (202) 514-6770
ellen.k.weis@usdoj.gov

By: _____
ROBERT COULTER
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3745
Facsimile: (703) 299-2584
robert.coulter@usdoj.gov

*Attorneys for Plaintiff*

Dated: 11\16\2010.

By: _____
DANIEL STAFFORD
8543 Emory Grove Road
Gaithersburg, MD 20877
Telephone: (240) 252-8441
dw_stafford@yahoo.com

*Pro Se*

Dated: _____.

By: _____
FRED R. WAHLER, JR.
291 Barletta Avenue
Las Vegas, NV 89123
Telephone: (215) 490-4145
freddywconsulting@gmail.com

*Pro Se*

5

6119108.1

Agreed and submitted by:

Dated: _____.

NEIL H. MACBRIDE
United States Attorney

By: _____
ELLEN K. WEIS
Trial Attorney, Tax Division
U.S. Department of Justice
VSB: 77454
P.O. Box 7238
Washington, DC 20044
Telephone: (202) 616-9010
Facsimile: (202) 514-6770
ellen.k.weis@usdoj.gov


By: _____
ROBERT COULTER
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3745
Facsimile: (703) 299-2584
robert.coulter@usdoj.gov

*Attorneys for Plaintiff*

Dated: 11/18/10 .

By: _____
DANIEL STAFFORD
8543 Emory Grove Road
Gaithersburg, MD 20877
Telephone: (240) 252-8441
dw_stafford@yahoo.com

*Pro Se*

Dated: 11/18/10

By: _____
FRED R. WAHLER, JR.
291 Barletta Avenue
Las Vegas, NV 89123
Telephone: (215) 490-4145
freddywconsulting@gmail.com

*Pro Se*

5

6119108.1